**Lewis Roca Rothgerber Christie LLP**
201 East Washington Street, Suite 1200
Phoenix, AZ  85004

**Nicole G. True** (State Bar No. 032576)
Direct Dial: (602) 262-5389
Email: NTrue@lrrc.com

*Attorneys for Banner Plan Administration, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Clifton G. Mack, d/b/a Mack Family Chiropractic,<br><br>    Plaintiff,<br><br>v.<br><br>Banner Plan Administration, Inc., an Arizona corporation,<br><br>    Defendant. | No.<br><br>**NOTICE OF REMOVAL** |

Defendant Banner Plan Administration, Inc. ("BPA") removes this action from the Superior Court of Arizona, County of Maricopa to the United States District Court for the District of Arizona.  This Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 29 U.S.C. § 1132(e).

**I.      Introduction**

Plaintiff is a chiropractic provider who seeks reimbursement from BPA for services three providers from his office allegedly provided to beneficiaries under the Banner Health Master Health and Welfare Benefits Plan ("the Plan" or "Banner Health's Plan").  Plaintiff seeks to recover the value of the services that were provided, along with his attorney's fees and costs.

This case is removable to federal court because Plaintiff's claim relates to Banner Health's Plan, which is an employer-sponsored welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, *et seq*.  As such, this Court has federal question jurisdiction under 29 U.S.C. § 1132(e) and 28 U.S.C. § 1331 because Plaintiff's state law claims are completely preempted by ERISA.

110324307.1

This removal is timely. Plaintiff filed suit against BPA in Maricopa County Superior Court, Case No. CV 2019-096807 on September 16, 2019. (*Id.*) Mack served BPA on January 10, 2020. (*See* Exhibit A, State Court File, Affidavit of Service.)

BPA has not yet responded to Plaintiff's Complaint.

## II.      This Court Has Federal Question Jurisdiction Under 28 U.S.C. § 1331.

A case is removable to federal court if it is one over which the court would have original jurisdiction. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (citing 28 U.S.C. § 1441(a)). One type of case over which the federal courts have original jurisdiction are cases that arise under the laws of the United States. *Id.* Whether a case arises under the laws of the United States is determined under the well-pleaded complaint rule. *Id.* Pursuant to that rule, a defendant may only remove a case to federal court on the basis of federal question jurisdiction if the plaintiff's well-pleaded complaint arises under federal law. *Id.*

An exception to the well-pleaded complaint rule exists where the plaintiff's state law claims are completely preempted under ERISA. *Id.* at 208-09. Claims that come within ERISA's scope "'even if pleaded in terms of state law, [are] in reality based on federal law.'" *Id.* (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003)). Thus, ERISA's "extraordinary preemptive power . . . converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Id.* at 209.

When assessing whether complete preemption is present, this Court is not limited to the four corners of nor is it "bound by the labels used in the complaint." *Gables Ins. Recovery, Inc. v. Blue Cross & Blue Shield of Fla., Inc.*, 813 F.3d 1333, 1337 n.2 (11th Cir. 2015) (internal quotation marks omitted). "[D]istinguishing between pre-empted and non-pre-empted claims based on the particular label affixed to them would 'elevate form over substance and allow parties to evade' the pre-emptive scope of ERISA simply 'by relabeling their contract claims as claims for tortious breach of contract.'" *Davila*, 542 U.S. at 214 (citation omitted). For this reason, federal courts regularly consider evidence outside of the complaint to determine the true nature of a plaintiff's claim. *See, e.g.*, *Conn. State Dental*

201 East Washington Street, Suite 1200
Phoenix, AZ 85004

Lewis Roca
ROTHGERBER CHRISTIE

*Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1351 (11th Cir. 2009) (considering affidavits and claim forms that were submitted to show that the plaintiffs had received an assignment of benefits from the plan members and thus had standing to sue under ERISA, meaning at least some of the claims asserted were subject to complete preemption).  Courts consider such evidence because "a plaintiff may not defeat subject matter jurisdiction by 'artfully pleading' his complaint as if it arises under state law." *North Shore*, 953 F. Supp. 2d at 434 (citation and internal quotation marks omitted).

Plaintiff's state law claim is completely preempted by ERISA and thus properly removed to district court.  In *Davila,* the Supreme Court established a two-prong test pursuant to which a state law cause of action comes within ERISA § 502(a)(1)(B) and is completely preempted, if (1) "an individual at some point in time could have brought [the] claim under ERISA § 502(a)(1)(B)," and (2) "there is no other independent legal duty that is implicated by a defendant's actions." *Davila*, 542 U.S. at 214.  Because both of these requirements are satisfied, removal is proper.

**A.      Plaintiff's Claim Could Have Been Brought Under ERISA § 502(a)(1)(B).**

The first prong of the *Davila* test is satisfied if "an *individual* at some point in time could have brought [the] claim under ERISA § 502(a)(1)(B)." *Id.*  The test as formulated by the Supreme Court speaks in terms of "an individual," not specifically the plaintiff. Despite this, courts have interpreted this to mean that the plaintiff must have been able to bring the claim under 29 U.S.C. § 1132(a)(1)(B) at some point in time.  *See, e.g., Lodi Memorial*, 2015 WL 5009093, at *5 (examining whether provider plaintiffs had standing to pursue the ERISA claims).  Regardless of which test applies, this prong is satisfied.

There is an individual who could have pursued Plaintiff's claim: the Plan participants.  They could have brought Plaintiff's claim under 29 U.S.C. § 1132(a)(1)(B), asserting that the Plan wrongfully denied them benefits.

As a healthcare provider, Plaintiff could have also brought his claim under 29 U.S.C. § 1132(a)(1)(B) if the Plan participants assigned their benefits and rights under the Plan to him. *Lodi Memorial*, 2015 WL 5009093, at *5.  Plaintiff alleges that he billed and was paid

201 East Washington Street, Suite 1200
Phoenix, AZ  85004

110324307.1

- 3 -

for services directly from the Plan. (Exhibit A, Complaint ¶ IV.) Such a billing arrangement is "only possible with an assignment of benefits." *Lodi*, 2015 WL 5009093 at *6. Accordingly, on information and belief,[1] the first *Davila* prong is satisfied because Plaintiff—as an assignee of the beneficiaries' claims under the plan—would have had standing to pursue his claim under 29 U.S.C. § 1132(a)(1)(B). *Cf. Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

### B.    No Other Independent Legal Duty Is Implicated By BPA's Actions.

The second prong of the *Davila* test requires that there be "no other independent legal duty that is implicated by a **defendant's actions**." *Davila*, 542 U.S. at 214 (emphasis added). Plaintiff alleges that he is entitled to payment from BPA because he is a third party beneficiary of the Plan.[2] (Exhibit A, Complaint ¶¶ II, IV, XI.) The Plan is governed by ERISA. Plaintiff has not identified any legal duty independent of the ERISA-governed Plan to support his claims. *Davila*'s second prong is satisfied.

Because both *Davila* prongs have been satisfied, ERISA completely preempts Plaintiff's state law claim and this case is removable to federal court.

### III.    The Procedural Requirements For Removal Are Satisfied.

### A.    This Removal is Timely and Venue is Proper in this Court.

On September 16, 2019, Plaintiff commenced this action in the Superior Court of the State of Arizona, Maricopa County, Case No. CV2019-096807. (*See* Exhibit A, State Court File.) BPA was served on January 10, 2020. (*See* Exhibit A, Affidavit of Service.) Under 28 U.S.C. § 1446(b), a Notice of Removal must be filed within 30 days of service of the

---

[1] Defense counsel consulted with Plaintiff's counsel regarding whether Plaintiff has assignments for the claims at issue in his Complaint and he did not dispute that such assignments likely exist. In the event Plaintiff does not have assignments for these claims, removal would still be proper because there are "individuals" who could have brought Plaintiff's claim under 29 U.S.C. § 1132(a)(1)(B)—the Plan participants.

[2] BPA was the administrator of Banner Health's Plan. The employees who were participants in the Plan are not BPA's employees.

Complaint and summons on the removing defendant. Because BPA is filing this Notice on February 7, 2020, removal is timely.

### B. A Copy Of The State Court Record Is Attached.

BPA attaches a complete copy of the Maricopa County Superior Court record as Exhibit A (Docket, Summons, Complaint, Certificate Regarding Compulsory Arbitration, Civil Cover Sheet, Notice of Intent to Dismiss, Motion to Extend Time for Service, Order to Extend Time for Service, Affidavit of Service), and verifies that Exhibit A constitutes a true and complete copy of all pleadings and other documents filed in Maricopa County Superior Court in this matter. *See* Declaration of Nicole G. True, attached as Exhibit B hereto. BPA will file its answer or other responsive pleading in accordance with Rule 81(c).

### C. BPA Has Noticed Maricopa County Superior Court Clerk and Plaintiff.

Concurrent with the filing of this Notice, BPA is serving this Notice on Plaintiff and filing a copy of the Notice with the Clerk of the Superior Court of Arizona, Maricopa County.

By filing the Notice of Removal in this matter, BPA does not waive its right to object to service of process, the sufficiency of process, jurisdiction over the person, or venue, and specifically reserves the right to assert any defense and/or objections to which it may be entitled.

### IV. Conclusion

BPA respectfully requests this Court accept this Notice of Removal, assume jurisdiction of this case, and that all further proceedings be heard in this Court.

RESPECTFULLY SUBMITTED this 7th day of February, 2020.

LEWIS ROCA ROTHGERBER CHRISTIE LLP


By:    *s/Nicole G. True*
        Nicole G. True
        *Attorneys for Defendant Banner Plan*
        *Administration, Inc.*

110324307.1                                    - 5 -

**CERTIFICATE OF SERVICE**

I hereby certify that on February 7, 2020, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and transmittal of a notice of Electronic Filing to the following CM/ECF registrants:

Keith R. Lalliss – krlalliss@hotmail.com

By:  *s/Ashly White*

201 East Washington Street, Suite 1200
Phoenix, AZ 85004

Lewis Roca
ROTHGERBER CHRISTIE

110324307.1                          - 6 -