**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Clifton G Mack, | No. CV-20-00297-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Banner Plan Administration Incorporated, | |
| Defendant. | |

Plaintiff owned a business offering massage and chiropractic services. He seeks reimbursement for services other chiropractors in his office allegedly provided to participants in Defendant's employee welfare benefit plan, which is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). (Doc. 22.)

The amended complaint does not clearly identify the claim at issue. Many clues, however, indicate that Plaintiff has alleged a state law breach of contract claim. First, the amended complaint states, "this claim arises out of a contractual relationship between the parties." (*Id.* at 15.) Second, the amended complaint seeks fees and costs under two Arizona fee-shifting statutes applicable to actions arising out of contract. (*Id.*) Third, the amended complaint does not allege federal jurisdiction based on the existence of a federal question (in fact, it contains no jurisdictional allegations). Finally, Plaintiff's summary of the nature of his case in the parties' December 1, 2020 Joint Discovery Plan does identify ERISA as a basis for his claim and, instead, describes his amended complaint as alleging a

1  "claim . . . for breach of third-party benefits under [Defendant's] contracts with the
2  employees serviced at [Plaintiff's] clinic." (Doc. 27 at 2.) Plaintiff also emphasizes that
3  he initially brought his case in Maricopa County Superior Court, which further
4  demonstrates that his claim is grounded in state rather than federal law. (*Id.*) For these
5  reasons, the Court understands the amended complaint as stating only a state law breach of
6  contract claim.

7  On September 2, 2020, Defendant moved to dismiss Plaintiff's amended complaint,
8  arguing that his breach of contract claim is preempted by ERISA. (Doc. 23.) Plaintiff was
9  aware of this motion because the parties conferred on the issues before Defendant filed it.
10 (*Id.* at 1-2.) Nonetheless, Plaintiff failed to respond. On September 25, 2020, Defendant
11 filed a notice alerting the Court that Plaintiff had not responded to the motion to dismiss
12 and, therefore, the Court could summarily grant the motion under Local Rule of Civil
13 Procedure 7.2(i). (Doc. 25.) Plaintiff did not seek permission to respond to the motion to
14 dismiss at any time after this notice was filed. The parties' Joint Discovery Plan notes that
15 the motion to dismiss remains outstanding. This history demonstrates that Plaintiff is
16 aware of the pending motion and the consequences of not responding and has chosen not
17 to respond.

18 Defendant's motion to dismiss is granted for two independent reasons.

19 First, Local Rule 7.2(i) allows the Court to treat a non-movant's failure to file a
20 responsive memorandum as "a consent to the . . . granting of the motion" and therefore to
21 "dispose of the motion summarily." By choosing not to respond to the motion to dismiss,
22 Plaintiff has conceded that dismissal is warranted.

23 Second, Defendant's motion is meritorious. ERISA provides the exclusive remedy
24 for an ERISA participant or beneficiary to "recover benefits due him under the terms of his
25 plan, to enforce his rights under the terms of the plan, or to clarify his rights to future
26 benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). "[A]ny state-law cause
27 of action that duplicates, supplements or supplants the ERISA civil enforcement remedy
28 conflicts with the clear congressional intent to make the ERISA remedy exclusive and is

therefore preempted." *Aetna Health Ins. Co. v. Davila*, 542 U.S. 200, 209 (2004). "[I]f an individual, at some point in time, could have brought his claim under ERISA . . . and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted[.]" *Id.* These elements are satisfied here: Plaintiff seeks to compel Defendant to cause its ERISA-governed plan to reimburse Plaintiff for services his office allegedly provided to plan participants, and Defendant's alleged duty to pay for those services derives solely from that plan (i.e. from "[Defendant's] contracts with the employees serviced at [Plaintiff's] clinic" (Doc. 27 at 2)). Accordingly, Plaintiff's state law breach of contract claim is preempted.

      **IT IS ORDERED** that Defendant's motion to dismiss (Doc. 23) is **GRANTED**. All pending deadlines and hearings are vacated. The Clerk of the Court is directed to terminate this case.

      Dated this 2nd day of December, 2020.

Douglas L. Rayes
United States District Judge